**Affirm and Opinion Filed August 6, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00860-CR**

**BENNY JAMES PHENNEL, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 296-81562-2021**

## MEMORANDUM OPINION

Before Justices Molberg, Nowell, and Kennedy
Opinion by Justice Molberg

A jury found appellant Benny Phennel guilty of continuous sexual abuse of a child and assessed punishment at forty-five years' confinement. On appeal, he argues the trial court erred in overruling his Sixth Amendment objection to the admission of an audio recording of a conversation between appellant and members of his family. Because we find this issue was not preserved for appellate review, we affirm the trial court's judgment.

Following voir dire, the trial court invited the parties to discuss certain pretrial matters, including the admissibility of the aforementioned audio recording. Defense

counsel objected to the recording, stating, "We would object to anybody else's voice that's giving testimony for the State for hearsay and *Crawford*." The trial court indicated it did not believe appellant's objections had merit but also stated, "I don't like to pre-admit exhibits, so I am not. It will be introduced. I will entertain probably the same objections as I have now, but I did want to give you a heads-up of where the Court was going with it." Later, during trial, the State offered the recording into evidence, and defense counsel stated, "Your Honor, we renew our previous objections to hearsay and confrontation on any witnesses on this that is not going to testify in front of the jury." The trial court overruled appellant's objections.

As stated above, in his sole issue, appellant contends the trial court erred in overruling his objection to the recording. He argues the trial court's ruling violated his Sixth Amendment confrontation rights. As a prerequisite to presenting a complaint for appellate review, however, the record must show that, among other things, the complaint was made to the trial court by a timely request, objection, or motion that stated the grounds for the ruling the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context. *See* TEX. R. APP. P. 33.1(a)(1)(A). When evidence is offered, a part of which is admissible and a part of which is not, it is incumbent on the party objecting to the admissibility of the evidence to specifically point out the inadmissible part to preserve any alleged error. *See Whitaker v. State*, 286 S.W.3d 355, 369 (Tex. Crim. App. 2009); *Abdullah v.*

–2–

*State*, No. 05-23-00163-CR, 2024 WL 1154151, at *2 (Tex. App.—Dallas Mar. 18, 2024, pet. filed) (mem. op., not designated for publication).

Here, during the pretrial hearing, appellant objected to the recording, citing hearsay and *Crawford*, and when the recording was offered, he objected generally "to hearsay and confrontation" as to individuals who speak in the recording who are "not going to testify in front of the jury." Thus, appellant only objected to portions of the recording, but he failed to identify what specific portions or statements within the recording violated his right to confrontation. Accordingly, we conclude appellant failed to preserve error in the admissibility of statements made in the recording. *See Whitaker*, 286 S.W.3d at 369 ("On this record, we decide that appellant's trial objections were insufficient to preserve any error in the admission of any portion of the audiotapes because these objections did not specifically point out which portions of the audiotapes were objected to as inadmissible."); *Abdullah*, 2024 WL 1154151, at *2 (concluding appellant failed to preserve error when he failed to "specifically identif[y] any statements within the recording that violated his right to confrontation on appeal").

Having overruled appellant's sole appellate issue, we affirm the trial court's judgment.

/Ken Molberg/

KEN MOLBERG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b).
230860F.U05



## Court of Appeals
## Fifth District of Texas at Dallas
# JUDGMENT

BENNY JAMES PHENNEL,
Appellant

No. 05-23-00860-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 296th Judicial District Court, Collin County, Texas Trial Court Cause No. 296-81562-2021.
Opinion delivered by Justice Molberg. Justices Nowell and Kennedy participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered August 6, 2024